**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: E.I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION**

**Case No. 2:13-md-2433**

**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

This document relates to: **ALL ACTIONS.**

## CASE MANAGEMENT ORDER NO. 1
**Appointing Plaintiffs' Leadership Positions**

**SARGUS, Judge:**

### I. Scope of Order

**A. Order Applicable to All Cases in MDL Proceedings**

1. This Order shall apply to all cases currently pending in *In re: E.I. Du Pont de Nemours and Company C-8 Personal Injury Litigation*, MDL No. 2433 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of the MDL proceedings.

### II. Plaintiffs' Leadership Counsel Appointments

**A. Organization of Plaintiffs' Counsel**

1. ***Plaintiffs' Co-Lead Counsel.*** Michael A. London of Douglas & London, P.C., Robert A. Bilott of Taft Stettinius & Hollister LLP, and Jon C. Conlin of Cory Watson Crowder & Degaris, LLP, shall serve as Co-Lead Counsel of the PSC.

2. ***Plaintiffs' Liaison Counsel.*** Plaintiffs' Co-Lead Counsel will designate who amongst them will fulfill the duties of Plaintiffs' Liaison Counsel as set-forth in Section II.A.7.

3. ***Plaintiffs' Steering Committee.*** Further, this Court hereby appoints a Plaintiffs' Steering Committee ("PSC") which shall consist of the following attorneys and their respective law firms:

**Plaintiffs' Steering Committee ("PSC") Members**

Michael A. London
Douglas & London, P.C.
111 John Street, Suite 1400
New York, New York 10038
Ph: (212) 566-7500
Fax: (212) 566-7501
Email: mlondon@douglasandlondon.com

Jon C. Conlin
Cory Watson Crowder & Degaris P.C.
Magnolia Avenue
Birmingham, Alabama 35205
Ph: (205) 328-2200
Fax: (205) 324-7896
Email: jconlin@cwcd.com

Robert A. Bilott
Taft Stettinius & Hollister LLP
425 Walnut Street
Suite 1800
Cincinnati, Ohio 45202-3957
Ph: (513) 381-2838
Fax: (513) 381-0205
Email: bilott@taftlaw.com

R. Edison Hill
Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C..
500 Tracy Way
Charleston, West Virginia 25311
Ph: (304) 345-5667
Fax: (304) 345-1519
Email: REHill@hpcbd.com

Ned McWilliams
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen Street #600
Pensacola, Florida 32502
Ph: (850) 435-7000
Fax: (850) 735-7020
Email: NMcWilliams@levinlaw.com

Kevin Madonna
Kennedy Madonna LLP
48 Dewitt Mills Road
Hurley, New York 12443
Ph: (845) 481-2622
Fax: (845) 230-3111
Email: kmadonna@kennedymadonna.com

Roger Denton
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
Ph: (314) 621-6115
Fax: (314) 621-7151

Gregory H. Collins
Davis & Young
Once Cascade Plaza
Suite 800
Akron, Ohio 44308
Ph: (330) 376-1717
Fax: (303) 376-1797
Email: gcollins@davisyoung.com

Email: rdenton@uselaws.com

Richard Schulte
Wright & Schulte, LLC
812 East National Road
Vandalia, Ohio 45377
Ph: (937) 435-9999
Fax: (937) 435-7500
Email: rschulte@legaldayton.com

4. ***Designations and Future Change in PSC Structure.*** These designations are of a personal nature. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so. This Court may amend or expand the PSC upon request from the PSC or on its own motion, if and as circumstances warrant.

5. ***Duties of Co-Lead Counsel.*** It shall be Co-Lead Counsel's duty to coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, to sign and file pleadings related to all actions, bind the PSC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel, and perform other necessary administrative or logistic functions to ensure the functions of the PSC are conducted in an efficient and professional manner or any other duty as the Court may order. Co-Lead Counsel duties include coordinating the efforts of the PSC in conducting the litigation on behalf of Plaintiffs in the MDL proceedings, including but not limited to the following:

**Discovery**

a. Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and which are consolidated with this multi district litigation and are part of the MDL proceedings.

b. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

c. Initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in preparation of the pretrial stages of his/her client's particular claims.

d. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs with the assistance from the PSC.

**Motion Practice and Hearings**

e. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

f. Submit and argue or designate other counsel to argue any motions presented to the Court or Magistrate Judge on behalf of all Plaintiffs as well as oppose when necessary any motions submitted by the Defendant or third parties.

g. Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

h. Act or designate other counsel to act as spokesperson(s) for Plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

**Contact with Defense Counsel**

i. Initiate, coordinate and conduct (or designate others to do so) the requisite meet and confers with Defendant, confer with Defendant regarding procedural matters, and negotiate and enter into stipulations with Defendant regarding this litigation.

j. Explore or designate other counsel to explore, develop, and pursue settlement options with Defendant on behalf of Plaintiffs.

**Oversight of the PSC**

k. Call meetings of counsel for Plaintiffs for any appropriate purpose.

l. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

m. Monitor the activities of the PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided.

**Miscellaneous**

n. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format,

and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys in the MDL proceedings.

o. Provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis.

p. Perform such other functions as may be expressly authorized by further orders of the Court.

6. ***Communications with the Court***: All communications from Plaintiffs with the Court should be through Co- Lead Counsel or Liaison Counsel. If circumstances require direct correspondence with the Court by an individual counsel, copies of any such communications shall simultaneously be served upon Plaintiffs' Co-Lead Counsel and Liaison Counsel.

7. ***Plaintiffs' Liaison Counsel.*** The responsibilities of Plaintiffs' Liaison Counsel shall be the following on behalf of all Plaintiffs in the MDL proceedings:

a. To coordinate services and filings;

b. To maintain and distribute to co-counsel and to Defendant's Counsel an up-to-date service list;

c. To receive and distribute pleadings, all Court orders, and motions, provided all counsel shall continue to receive all notices through the Court's CM/ECF system;

d. Maintaining in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by

the PSC and to report in writing to the PSC concerning disbursements and receipts;

e. Acting as the treasurer for any common benefit assessments and expenses;

f. To maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository); and

g. To be available for any telephone conferences convened by the Court and to communicate the substance of any such telephone conference to all other Plaintiffs' counsel; and

h. To carry out such other duties as the Court may Order.

8. The Court recognizes that cooperation by and among plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege and/or the work product doctrine, if the privilege or doctrine is otherwise applicable, and all of such persons shall maintain the confidentiality of such communications. Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

9. The Court recognizes that independent investigations have been undertaken by various plaintiffs' counsel. Certain investigative materials gathered by individual counsel in the

course of their independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this order will be shared only to the extent allowable under any applicable protective orders, only with counsel having the same interests, and only as provided under an agreement among the PSC governing the sharing of costs and expenses for obtaining and producing such investigative material and attorney work product. The PSC shall make a good faith effort to resolve the cost-sharing issues relevant to any such independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

**IT IS SO ORDERED.**

5-29-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5-29-2013
**DATE**

**ELIZABETH P. DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**